Dear Mr. Smith:
This office is in receipt of your opinion request where you present the following issue for our review:
 Does LSA-R.S. 14:356.2 prohibit a law enforcement officer from obtaining a bond entirely, in any circumstance, or is the prohibition applicable only when he obtains the bond for any fee, commission, or the receipt of anything of value?
LSA-R.S. 14:356.2 provides for those instances where a law enforcement officer negotiates for an unlawful appearance bond, and states the following:
 A. No police officer, employee of any police department, sheriff, deputy sheriff, employee of any sheriff's office, employee of a district attorney's or clerk of court's office, or any law enforcement personnel or employee or agent of any law enforcement agency shall negotiate for, procure, solicit, sell, or in any way participate in the negotiation for, procuration, solicitation, or sale of: a bond taken to secure the appearance of any person before any court with criminal jurisdiction in the state of Louisiana for any fee, commission, or the receipt of anything of value.
 B. Whoever violates any provision of this Section shall upon conviction be fined not more than five thousand dollars, imprisoned for not more than six months, or both.
Your analysis of LSA-R.S. 14:356.2 is correct. The statute only prohibits the procurement of an appearance bond by a law enforcement officer for a fee, commission, or the receipt of anything of value.
Civil Code Article 9 provides that when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written. LSA-R.S. 1:3, which deals with the interpretation of statutes, states that words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language.
The courts of this state have adopted the rule that all parts of the statute must be construed together and such constructions should be such as to give effect to the entire statute, reconciling the apparently conflicting parts thereof wherever possible. Giles v. Breaux, 160 So.2d 608 (La.App. 1 Cir. 1964), at page 614.
Application of the foregoing interpretative law to LSA-R.S.14:356.2 results in our conclusion that a law enforcement officer is only prohibited from procuring an appearance bond in those instances in which he receives a fee, commission, or anything of value. Therefore, in the factual situation presented, the state trooper could legally have provided a property bond for a relative, as he did so without payment.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ KERRY KILPATRICK Assistant Attorney General
KLK/AMS